IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. G-15-MJ-32 |
| | § | |
| DENNIS P.M. HUGHES | § | |

## ORDER OF RELEASE

It is hereby **ORDERED** that the above-named Defendant be **RELEASED** on the following

conditions:

1.    The Defendant **SHALL** appear at such times and places as the United States Magistrate or District Judge may order or direct, and **SHALL** surrender for service of any sentence imposed, as directed.

2.    The Defendant  **WILL NOT** (1) commit a federal, state or local crime during the period of his release; (2) influence or injure any juror or officer of the Court (18 U.S.C. §1503); (3) obstruct a criminal investigation (18 U.S.C. §1510); or (4) tamper with or retaliate against any witness, victim or informant in an official proceeding (18 U.S.C. §1512, §1513).

3.    The Defendant **WILL** execute an **Appearance Bond** in the amount of **$50,000.00**.  There will be deposited in the registry of the Court the sum of **$ 5,000.00** and Defendant will be **RELEASED** from custody when the Bond is signed and the security is deposited. This deposit will be returned to the depositor upon the Court's determination that the Defendant has performed the conditions of his release.

The Bond **WILL BE** signed by the following person(s) as surety/third-party custodian:

Name:          Claire Hughes
City/State/Zip:     3506 Pickering Lane, Pearland, Texas 77584

4.    The Defendant **WILL** maintain his current employment and if unemployed **WILL** actively seek employment.

5.    The Defendant **WILL NOT** associate with any person engaging in criminal activities or who has been charged with or convicted of a felony offense, or who has been released on bail, probation or parole.

6.      The Defendant **WILL** avoid all contact with any alleged victim of the offense charged and with any potential witness who may testify concerning the offense.

7.      The Defendant **SHALL NOT** have any contact with minors, **EXCEPT** his biological children, without the direct supervision of a responsible adult, as approved by Pretrial Services.  This includes any verbal, written, telephonic or electronic communication with any person under the age of 18.

8.      The Defendant **WILL** report on **as directed by the Pretrial Service Agency**, and on a regular basis to the following agency in <u>Houston</u> (as directed) and will meet such requirements as the agency may direct:

> Pre-Trial Service Agency
> 515 Rusk Avenue, Room 6214
> Houston, Texas  77208
> (713) 250-5218

9.      The Defendant **WILL** refrain from possessing a firearm, destructive device or other dangerous weapon.

10.     The Defendant **WILL** refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substances (defined in 21 U.S.C. § 802), without a prescription by a licensed medical practitioner.

11.     The Defendant **WILL** restrict his travel to the <u>Harris and surrounding counties</u> unless court permission is granted to travel elsewhere.

12.     **Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the following mandatory conditions are imposed pursuant to 18 U.S.C. 3142(f)(1)(B):**

The Defendant **SHALL** participate in the following home confinement program and abide by all the requirements of the program which **will** include electronic monitoring or other location verification system, specifically **GLOBAL POSITIONING SYSTEM (GPS)**. Defendant **SHALL** pay all or part of any cost associated with the program based upon Defendant's ability to pay as determined by the Pretrial Services office or supervising officer.

  - **Home Detention -** The Defendant is restricted to **his** residence at all times except for employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the Pretrial Services office or supervising office.

2

13.     The Defendant **SHALL** undergo medical or psychiatric treatment **(not limited to a psychosexual evaluation and/or sex specific treatment)** as deemed necessary by Pretrial Services and approved by this Court.  The Defendant **WILL** incur costs associated with such treatment, based on ability to pay as determined by the Pretrial Officer.

14.     The Defendant **SHALL** participate in random drug and alcohol screening and, if deemed necessary by Defendant's supervising officer, treatment as directed by the Pretrial Services Agency.  The Defendant **WILL** incur costs associated with such drug/alcohol detection and treatment, if applicable, based on Defendant's ability to pay as determined by the Pretrial Officer

15.     If the Defendant is convicted of a sex-related offense in the instant federal case and is allowed to remain on Bond following conviction, the Defendant **SHALL** register as a sex-offender with the proper state and/or local agency or agencies in any state where the Defendant resides, is employed, carries on a vocation, or is a student, within 10 business days of conviction and **SHALL** provide to the Pretrial Officer a copy of the Defendant's registration card within 3 business days of receiving the card.  The Defendant **SHALL** provide all information required/needed by the appropriate agency or agencies to maintain proper registration.

16.     The Defendant **SHALL NOT** use or possess a computer.

17.     The Defendant **SHALL NOT** access the Internet.

18.     The Defendant **SHALL NOT** use or possess any gaming consoles (including, but not limited to Xbox, PlayStation, Nintendo DS, Nintendo Wii) or devices without prior permission from the Pretrial Officer.

19.     The Defendant **SHALL NOT** use a cellular phone or PDA device which has internet access, without prior approval of the Pretrial Officer.  The Defendant **SHALL** allow the Pretrial Officer to view his phone statements to monitor for internet access.

20.     The Defendant **SHALL NOT** use any device(s) offering internet access as a means of accessing any materials that relate to the criminal activity charged in the pending allegations.

21.     The Defendant **SHALL NOT** possess or peruse any authentic, altered or manufactured, in whatever form, material that depicts and/or describes "sexually explicit conduct" as defined in 18 U.S.C. §2256(2) or "child pornography" as described in 18 U.S.C. §2256(8).

22.     The Defendant **SHALL NOT** volunteer in organizations or activities involving minors under the age of 18.

3

23.     The Defendant **SHALL NOT** frequent places where minors are likely to visit, such as schools, playgrounds, swimming pools, arcades, etc..

24.     The Defendant **SHALL NOT** loiter or be found within 100 feet of any school yard, park, playground, arcade or other place primarily used by children under the age of 18.

25.     The Defendant **SHALL** surrender his passport, if applicable, and **WILL NOT** obtain a new passport.

26.     The Defendant **WILL** immediately report contact with law enforcement to Pretrial Services.

## ADVICE OF PENALTIES AND SANCTIONS

A violation of any of the foregoing conditions may result in the forfeiture of any bail or collateral posted, the revocation of this Release Order, and the immediate issuance of a warrant for the arrest of the Defendant. Defendant is further subject to an Order of Detention and to prosecution for contempt as provided in 18 U.S.C. § 401 which could result in a possible term of imprisonment or a fine.

If the Defendant is convicted for a crime committed while released pursuant to this Order, he **SHALL** be sentenced, **in addition** to the sentence imposed for the offense herein, to a term of not less than two and not more than ten years if the offense is a felony, or to a term of not less than ninety days and not more than one year if the offense is a misdemeanor. This additional sentence **SHALL** be consecutive to any other sentence. (18 U.S.C. § 3147)

Each criminal offense under 18 U.S.C. § 1503 and § 1510 is punishable by a fine of not more than $250,000, or imprisonment of not more than five years or both. Each criminal offense under 18 U.S.C. § 1502 and § 1513 is punishable by a fine of not more than $250,000, or imprisonment of not more than ten years or both.

It is a criminal offense under 18 U.S.C. § 3146, if, after having been released, the Defendant knowingly fails to appear as required by the conditions of release, or to surrender for service of sentence pursuant to a Court Order. If the Defendant was released in connection with a charge of, or while awaiting sentence, surrender for service of sentence, or appeal or *certiorari* after conviction, for

    (a)     an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the Defendant **SHALL** be fined not more than $250,000 or imprisoned for not more than ten years, or both;

4

(b)     an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the Defendant **SHALL** be fined not more than $250,000 or imprisoned for not more than five years, or both;

(c)     any other felony, the Defendant **SHALL** be fined no more than $250,000 or imprisoned for not more than two years, or both;

(d)     a misdemeanor, the Defendant **SHALL** be fined not more than $100,000 or imprisoned for not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender **SHALL** be consecutive to the sentence of imprisonment for any other offense.

<u>Acknowledgment of Defendant</u>

I acknowledge that I am the Defendant in the above-captioned case. I understand the conditions of my release and the penalties and sanctions applicable in the event I violate any condition or fail to appear or surrender as required. I agree to comply fully with each of the obligations imposed on my release and to notify the Court promptly in the event I change the address indicated on my Bond. I acknowledge receipt of a copy of this Order.

_____
Defendant

<u>Directions to United States Marshal</u>

The Defendant is **ORDERED RELEASED** after processing.

**DONE** at Galveston, Texas, this _____ 10th day of June, 2015.

_____
JOHN R. FROESCHNER
UNITED STATES MAGISTRATE JUDGE

5